NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JACENT L. WINSTON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7024

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-1073, Judge Lawrence B. Hagel

---

Decided: July 25, 2011

---

JACENT L. WINSTON, of Little Rock, Arkansas, pro se.

COURTNEY S. MCNAMARA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director. Of counsel

on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.   Of counsel was DAVID M. HIBEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.

---

Before RADER, *Chief Judge*, FRIEDMAN*, and LINN, *Circuit Judges*.

PER CURIAM.

Jacent L. Winston, pro se, appeals the judgment of the United States Court of Appeals for Veterans Claims ("Veterans Court").  The appeal, however, was filed outside of the time constraints which dictate this court's review of Veterans Court decisions.  This court dismisses the appeal for lack of jurisdiction.

I

Mr. Winston began active duty service in the United States Marine Corp in June of 1999.  In March of 2000, Mr. Winston was discharged from the Marine Corp due to a psychiatrist's diagnosis that he suffered from a personality disorder.  Specifically, eight months into his service Mr. Winston was hospitalized and evaluated for homicidal ideation, or thoughts of homicide.  Mr. Winston reported to a psychiatrist that he had a history of such thoughts, and that there were no "specific stressors" which triggered his most recent episode.   Mr. Winston subsequently sought entitlement to disability benefits for his personality disorder.

---

* Judge Friedman, who passed away July 6, 2011, did not participate in this decision.

The Board of Veterans' Appeals denied Mr. Winston's claim. The Board concluded that Mr. Winston's personality disorder had not been aggravated by military service, and that military service had not caused any additional disorders. The Veterans Court affirmed, finding that the Board properly applied all applicable regulations.

The Veterans Court entered its judgment on August 5, 2010. On October 28, 2010, the Veterans Court received Mr. Winston's notice that he intended to appeal the decision to this court.

II

This court has jurisdiction to review decisions of the United States Court of Appeals for Veterans Claims pursuant to 38 U.S.C. § 7292(a). The statute states that "[s]uch a review shall be obtained by filing a notice of appeal with the Court of Appeals for Veterans Claims within the time and in the manner prescribed for appeal to United States courts of appeals from United States district courts." *Id.* Where "the United States or an officer or agency thereof is a party," an appeal from the district court must be filed within sixty days of the entry of the judgment. 28 U.S.C. § 2107(b). Therefore, appeals from the Veterans Court challenging the Secretary's determination must be filed within sixty days of entry of judgment.

The Secretary contends that the time limit contained in § 7292 is jurisdictional, meaning a timely appeal is required for this court to hear a veteran's case. If so, this court lacks jurisdiction to hear Mr. Winston's appeal and must dismiss the case, as it was filed 84 days after the entry of judgment.

The Supreme Court has in recent years often been required to "decide whether a procedural rule is 'jurisdic-

tional.'" *Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011). The Court has distinguished "claim-processing rules"—those "that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times"—from jurisdictional rules which "govern[] a court's adjudicatory capacity." *Id.* To determine if a rule is jurisdictional, the Court has "look[ed] to see if there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional.'" *Id.* at 1203 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515-16 (2006)). Congress is not required to "use magic words to speak clearly on this point" and "[c]ontext, including [the Supreme Court's] interpretation of similar provisions in many years past, is relevant." *Id.* (citations omitted).

The Supreme Court has long held that the "timely notice of appeal is 'mandatory and jurisdictional.'" *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982); *see also Bowles v. Russell*, 551 U.S. 205, 209-10 (2007). The Court has made clear that in civil cases, appeals from district courts must be filed within the time limits contained in § 2107 in order for the courts of appeals to have jurisdiction. *Bowles*, 551 U.S. at 213. Section 7292(a), governing here, is a jurisdictional requirement as well.

Section 7292 was enacted in 1988 as a part of the Veterans' Judicial Review Act, 102 Stat. 4105. At that time, Supreme Court precedent was "well settled" that a timely appeal from a district court was a jurisdictional requirement. *Griggs*, 459 U.S. at 61. Congress in turn required that appeals from the Veterans Court be "within the time and in the manner prescribed for appeal to United States courts of appeals from United States district courts." 38 U.S.C. § 7292(a). Given the context, we believe this is a "'clear' indication that Congress wanted the rule to be 'jurisdictional.'" *Henderson*, 131 S. Ct. at 1203.

Indeed, a unanimous Supreme Court recently applied this reasoning in *Henderson*, albeit in dicta. In construing another provision of the Veterans' Judicial Review Act, the Court noted that "[i]f Congress had wanted" to make the provision jurisdictional, "it could have cast that provision in language like that in the provision of the VJRA that governs Federal Circuit review of decisions of the Veterans Court." *Id.* at 1204-05. Because time limits for civil appeals are jurisdictional, the Court reasoned that the language of § 7292(a) "clearly signals an intent to impose the same restrictions on appeals from the Veterans Court to the Federal Circuit." *Id.* at 1205.

The Veterans Court entered its judgment in Mr. Winston's case on August 5, 2010. The Veterans Court received Mr. Winston's notice of appeal on October 28, 2010, and subsequently forwarded the notice to this court. An appeal from the Veterans Court challenging the Secretary's determination must be filed within 60 days of the entry of judgment in order for this court to have jurisdiction to consider the merits of the case. 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b). Because Mr. Winston's appeal was filed more than 60 days after the entry of judgment, this court lacks jurisdiction and must dismiss the case.

III

The appeal is **DISMISSED**.